IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN LABER,

           Plaintiff,

v.                                                                          Case No. 20-2656-JWB

LLOYD J. AUSTIN, III,
Secretary, United States Department of Defense,

           Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to dismiss fourteen counts for improper venue or, in the alternative, transfer venue. (Doc. 13.) The motion has been fully briefed and is ripe for ruling. (Docs. 14, 20, 21.) Defendant's motion is GRANTED for the reasons set forth herein.

### I.    Standards

When confronted with a motion to dismiss for improper venue, Plaintiff has the burden to establish that venue is proper in the forum state. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006) (citing *M.K.C. Equip. Co. Inc. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 682 (D. Kan. 1994)). The court may consider facts outside the pleadings when ruling on the motion. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). Any facts set forth in the complaint are assumed to be true as long as they are not controverted by the evidence presented by Defendant. *Id.*

Defendant alternatively seeks to transfer this entire action to a more appropriate venue. Transfer of venue is governed by 28 U.S.C. § 1404 or § 1406. If the original venue is proper, §

1

1404 is the governing section; if venue is improper, § 1406 governs. The relevant portion of § 1406 states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." Courts have "broad discretion in determining whether to grant a motion to transfer...." *All Brands Distribution, LLC v. Vital Pharm., Inc.*, No. 18-1354, 2019 WL 4958205, at *1 (D. Kan. Oct. 8, 2019). Defendant, as the party moving to transfer, bears the burden of establishing that this forum is inconvenient. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). However, Defendant cannot merely shift the inconvenience from it to Plaintiff. *Id.*

## II. Facts

The facts set forth herein are taken from Plaintiff's complaint and Defendant's declarations, to the extent those declarations have not been properly contradicted by Plaintiff.

For several years now, Plaintiff, a retired federal employee, has applied for numerous positions within the Defense Contract Management Agency ("DCMA") an agency within the Department of Defense ("DOD").[1] In this action, which was filed on December 28, 2020, Plaintiff has alleged 17 claims of employment discrimination due to the fact that he was not hired for 17 vacancies within the DCMA. (Doc. 1.) These positions were posted in 2015 and 2016. By not

---

[1] Plaintiff has another action pending in this district, *Laber v. Austin, Secretary, United States Department of Defense*, Case No. 18-1351, in which he also alleges that he was not hired by Defendant for numerous positions due to unlawful discrimination.

2

hiring him for any of these positions, Plaintiff alleges that Defendant DOD discriminated against him based on his age, gender, religion, and prior protected activity. (*Id.* at 3.)

Plaintiff is a resident of New York. Of the 17 positions at issue, none were located in Kansas. Rather, those positions were in Massachusetts, New York, Texas, California, and Connecticut. Although Plaintiff alleges that this court has venue over this action because DCMA maintained and administered the records in Kansas, none of the records pertaining to these claims were maintained in Kansas at the time the complaint was filed. (Docs. 1 at 2; 14 at Exh. A, Declaration of Kathleen Butera Fanney, ¶ 12.) Those records are currently maintained in other states but not in Kansas. (Doc. 14, Butera Declaration, Exh. C, Declaration of Dennis Harp.) A description of how the records are maintained and the process for applications is necessary as it will provide factual background for purposes of determining proper venue.

During the relevant time period, the Army Servicing Team ("AST") provided DCMA with human resources support for job vacancies under a contract. The process involved the following: 1) a DCMA official provided the qualifications and experience for a job vacancy; 2) AST personnel then built the posting at USAJobs.gov; 3) applicants submitted an application which was then reviewed by an AST HR specialist; 4) the AST HR specialist referred individuals who met the qualifications/requirements for the position to the selecting official for further consideration; and 5) the selecting official for the position would make a selection from the list of applicants referred, with or without the use of a panel. (*Id.*, Butera Declaration ¶3.) If the applicant was not referred, the applicant received no further consideration. Once an applicant was referred, DCMA personnel made decisions regarding interviews and final employment. AST personnel were not involved in any decisions after the referral. (*Id.* at ¶¶ 5-6.) Plaintiff's claims involve some positions for which he was not referred and others for which he was referred.

Of the twelve positions that were referred to DCMA, none of the officials involved in the decision-making with respect to the positions at issue were located in Kansas at the time of the decision. Rather, according to the declaration of Kathleen Butera, those individuals were in the following states: California, Connecticut, Texas, Massachusetts, Maryland, New Hampshire, and New York. (*Id.* at ¶ 13.) There were different officials and panels involved for almost every position. Some positions involved a selecting official and three panel members while others only involved a single selecting official. Based on the court's review, there are more than twenty-two individuals who were involved with these twelve distinct positions. (*Id.*) Some of those individuals were involved in two different positions. However, no individuals were involved in the decision making as to all positions. Philip McGovern, located in Texas at the time of the hiring decisions at issue, was the selecting official for both claim 4 and 7, and Mary Jane Torres and Elva Rivas, both located in Texas, were also on both of those panels. Both of those positions were located in Texas. Angela Butler-Franco, located in Massachusetts -- also the location of the position, was the selecting official for claims 5 and 9. Scott Vujs, located in Connecticut, was the selecting official for claims 6 and 14. Those claims involved positions located in Massachusetts. Clint Fondo, located in Massachusetts at the time of the decisions, was the selecting official for claims 10 and 11 and Carl Morandus, who was in New Hampshire at the time of the decision, was one of the three panel members on both of those claims. (*Id.*) Those claims also involved positions located in Massachusetts.

Of the positions that were not referred to DCMA, the AST HR Specialists who did not refer Plaintiff for claims 3, 12, and 16, were in Fort Riley, Kansas at the time of the non-referral. (Doc. 14, Exh. B, Declaration of Leslie Davis, ¶¶ 6-7.) With respect to the non-referral for claims 1 and

8, the AST HR Specialist who did not refer Plaintiff, Charyse McDaniel, was located in Tennessee at the time of the non-referrals. (*Id.* ¶ 5.)

During the time period at issue, AST utilized an electronic records system called the USA Staffing Legacy to process the vacancies for DCMA. This system is hosted on servers located in Georgia. (Doc. 14, Harp Declaration ¶ 4.) DCMA transitioned its HR service provider from AST to the Defense Logistics Agency ("DLA") in September 2020. As a result, AST no longer has access to the USA Staffing Legacy system. The DLA unit responsible for servicing DCMA is based in Columbus, Ohio, and supervised through Richmond, Virginia. DCMA's EEO office in Fort Lee, Virginia also maintains copies of certain employment records relating to the vacancies and records associated with the EEO investigation. (Doc. 14, Butera Declaration ¶¶ 7-11.)

### III.  Analysis

Defendant moves to dismiss claims 1, 2, 4-11, 13-15, and 17, on the basis that venue is not proper in this district on those claims. In response, Plaintiff attempts to attack Defendant's declarations and also argues that these claims are proper under the principle of pendent venue.

### A.  Improper Venue

Plaintiff has alleged 17 causes of action against Defendant. Each cause of action is based on a discrete failure to hire Plaintiff for a different position. With respect to each claim, Plaintiff has alleged that Defendant failed to hire Plaintiff due to his age, gender, religion, and prior protected activity. These claims fall under both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, for his age claim, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, for the remaining claims. The general rule is that venue must be proper as to each claim. *Wichita Fed. Sav. & Loan Ass'n v. Landmark Grp., Inc.*, 674 F. Supp. 321, 327 (D. Kan. 1987). Title VII has a specific venue provision that is applicable to Plaintiff's claims.

*See Pierce*, 137 F.3d at 1191 (holding that "this provision, rather than the general venue statute, governs venue in Title VII actions.") The general venue statute, 28 U.S.C. § 1391, is applicable to Plaintiff's ADEA claims. *Brown v. Weston Transp.*, No. 14-2456-JAR, 2015 WL 363963, at *2 (D. Kan. Jan. 27, 2015). Under the principle of pendent venue, when a court has proper venue as to the principle claim, venue is also proper as to any claims that arise out of the "same set of operative facts." *Landmark Grp.*, 674 F. Supp. at 330.

    **1.**    **Title VII Claims**

Turning first to the specific venue provision applicable to Title VII, it provides as follows:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The first avenue for venue provides that an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed. With respect to the 14 claims that are subject to this motion, Plaintiff complains of the decisions not to refer Plaintiff for certain positions or, if referred, the failure to hire Plaintiff for those positions. According to the declarations submitted by Defendant, none of those employment decisions regarding these 14 claims were made in Kansas. In his response, Plaintiff does not attempt to dispute these facts. Therefore, venue is not proper under the first avenue in the statute.

The second avenue provides that venue is proper in the judicial district in which the employment records concerning the claims are maintained and administered. Defendant has submitted a declaration that no records concerning these claims are maintained and administered

in Kansas. While they were previously maintained in Kansas prior to the date this action was filed, they were not maintained in Kansas as of the date Plaintiff filed his complaint and are not currently maintained or administered here. Therefore, venue cannot be proper in Kansas under this prong. Plaintiff attempts to attack the declaration of Butera because she has not identified a single location where the records are currently maintained and administered.[2] Rather, Defendant has provided several locations that have the applicable records or could potentially have copies of these records. Notably, none of these locations are in Kansas. Plaintiff has not offered any evidence to rebut Defendant's declaration that the records are not maintained and administered in Kansas.[3] Therefore, Plaintiff's allegation in his complaint that the records are maintained and administered in Kansas is not sufficient to meet his burden as it has been contradicted by Defendant's affidavit. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006) (citing *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, (citations omitted)). To meet his burden, Plaintiff must make a showing on the basis of affidavits or other written material. *Id.* He has not done so.

As to the third avenue, venue is proper in the district in which Plaintiff would have worked. There is no dispute regarding the location of the positions, which were all located in states other than Kansas. Therefore, venue is not proper under this avenue.

Finally, there is a catchall venue provision which provides for venue in the judicial district in which Defendant has his principal office when Defendant cannot be found within any of the other districts. This prong is not applicable here because there are other districts in which

---

[2] Plaintiff also attacks Butera's statements in the declaration regarding the witnesses' last known address. Plaintiff argues that this evidence is insufficient to support a finding that the location is where the witness currently resides. (Doc. 20 at 2.) This information, however, is not relevant to the issue of venue under this statute.
[3] Although Plaintiff requests discovery regarding the location of the records, Plaintiff makes no legitimate showing that discovery is necessary here. Plaintiff has not created any dispute of fact as to whether the records are located in Kansas. Again, it is Plaintiff's burden to establish venue and it is not appropriate here on these 14 claims at issue.

7

Defendant can be found. Nevertheless, other courts have determined that the location of the principal office of the Secretary Defense is within the Eastern District of Virginia. *Chin-Young v. Esper*, No. CV 18-2072 (RDM), 2019 WL 4247260, at *5 (D.D.C. Sept. 6, 2019) (finding that under the fourth statutory basis venue is proper for suits against the Secretary of Defense in "the Eastern District of Virginia.") (citing *Jones v. Hagel*, 956 F. Supp. 2d 284, 288 n.3 (D.D.C. 2013)).

Therefore, Plaintiff has not met his burden to show that venue is proper in this district as to his Title VII claims regarding the 14 positions at issue.

2. **ADEA Claims**

Venue is also improper as to Plaintiff's ADEA claims involving those same 14 positions. Under the general venue statute,

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Venue is not proper under any of the three avenues in this statute. As discussed, Defendant's principal office is in the Eastern District of Virginia. This has also been determined to be his residence, along with the District of Columbia, for the purpose of the general venue statute. *See Chin-Young*, 2019 WL 4247260, at *5. Therefore, venue is not proper in Kansas under the first statutory avenue. The second avenue is also not applicable as there are no facts that suggest that any events occurred in Kansas with respect to these 14 claims. The third avenue, Plaintiff's residence, does not provide an avenue as Plaintiff is a resident of New York. Therefore, the general venue statute does not provide a basis for Plaintiff to bring his claims in this district.

8

### 3. Pendent Venue

Finally, Plaintiff argues that venue is proper as to these 14 claims under the principle of pendent venue. Plaintiff contends that his claims amount to a single cause of action "because in the end they fail or succeed as one." (Doc. 20 at 1.) In response, Defendant argues that pendent venue is not applicable as Plaintiff has brought 17 distinct employment claims that are not comprised of the same operative facts. (Doc. 21 at 5.)

Although Plaintiff argues that his claims amount to a single cause of action, he also "admits his claims are adjudicated separately." (Doc. 20 at 1.) Plaintiff claims that there is a common link in his claims. Although Plaintiff's complaint includes several conclusory facts regarding Defendant's alleged discriminatory conduct, Plaintiff's distinct employment claims involve 17 different positions. Plaintiff has not identified which claim is the principle claim for which all of the other claims arise. To meet his burden here, Plaintiff must establish that the 14 claims at issue arise from the "same set of operative facts" as the principal claim in which venue is proper. *Landmark Grp.*, 674 F. Supp. at 330.

Plaintiff does not attempt to do so nor can he. Here, Plaintiff recognizes that one notable difference in these claims is the selecting officials. (Doc. 20 at 3.) To establish his claims of discrimination, he will need to prove that he was not selected for a certain position due to a discriminatory reason. *See Fischer v. Forestwood Co.*, 525 F.3d 972, 983 (10th Cir. 2008) (setting forth elements of discrimination due to religion). Because Plaintiff has alleged that he was rejected from 17 distinct positions with numerous individuals making the hiring decisions, Plaintiff cannot show that all of these claims arise out of the same set of facts. Rather, the witnesses and evidence will be different for each distinct failure to hire claim. The potential witnesses on the referral claims include more than 20 witnesses who were the selecting officials and/or panel members for

each position. The potential witnesses on the non-referral claims would include the AST HR Specialists who did not refer Plaintiff to DCMA for the positions. While Plaintiff's qualifications will presumably be the same for each claim, the evidence as to the qualifications for each position will likely be different as they have different titles and are located in different locations. (*See* Doc. 1.) Presumably, based on Plaintiff's allegation that less skilled individuals were hired, there will also be evidence of the applicants for each distinct position and their qualifications. In sum, Plaintiff has not met his burden to show that venue is proper under the applicable statute or under the principle of pendent venue.

### B. Transfer Venue

Pursuant to 28 U.S.C. § 1406(a), if venue is improper, the court may transfer the action to a district in which the action might have been brought if it serves "the interest of justice." A court should usually "transfer an action, rather than dismiss it for improper venue." *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997) (citation omitted). Here, due to the time limitations on filing employment discrimination claims, Plaintiff may be prejudiced if the court were to dismiss these 14 claims. Plaintiff's response also requests that the court not dismiss these claims. (Doc. 20 at 3.) Therefore, transfer is appropriate. *See Weber*, 978 F. Supp. at 1420.

Defendant asks the court to transfer the action to the Eastern District of Virginia or another district. (Doc. 21 at 6.) This court may transfer the action to a district in which the action might have been brought. As discussed, the Eastern District of Virginia is Defendant's principal office. Although the Title VII venue statute provides that the location of the principal office of the defendant is available only if the defendant cannot be found within another district, that restriction is not applicable when the court considers transferring the action under §§ 1404 and 1406. The statute states as follows: "For purposes of sections 1404 and 1406 of Title 28, the judicial district

in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3). Therefore, venue is appropriate in the Eastern District of Virginia for the Title VII claims. Venue is also appropriate in that district for the ADEA claims as discussed herein.

Defendant further moves the court, pursuant to 28 U.S.C. § 1404, to transfer the entire action to the Eastern District of Virginia. (Docs. 14 at 15-16; 21 at 6.) Defendant argues that although venue is proper as to claims 3, 12, and 16, where the decision to non-refer was made in Kansas, it would be more convenient for all parties to move the entire action. Although Plaintiff has asked the court to not dismiss any claims, Plaintiff does not appear to directly respond to Defendant's motion to transfer the entire action.[4] The court finds that discretionary transfer of claims 3, 12, and 16 is appropriate.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." There are several factors for the court to consider, including the following: Plaintiff's forum choice; the accessibility of witnesses; cost of making the necessary proof; advantages and obstacles to a fair trial; difficulties from congested dockets; potential conflict of laws; having a local court determine questions of local law; and all other considerations of a practical nature. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). A Plaintiff's forum choice should usually not be disturbed; here, however, Plaintiff's forum choice receives "less deference" because Plaintiff does not reside in this district. *Employers Mut.*, 618 F.3d at 1167-68. Moreover, while Plaintiff has chosen Kansas as the forum, the majority

---

[4] In arguing that this court should retain the action under pendent venue, Plaintiff states that he would be disadvantaged if his claims were separated because of schedule conflicts, learning rules of another court, and opportunity for mediation. (Doc. 20 at 1.) Although this statement was made in support of his argument regarding pendent venue, the arguments raised also support transfer of the entire action.

11

of Plaintiff's claims are subject to transfer due to improper venue. Therefore, Plaintiff will be forced to litigate in two forums if the remaining three claims are not transferred. Also, while each remaining claim does involve a potential Kansas witness, the other potential witnesses and evidence are not located in Kansas. Rather, the evidence and the majority of witnesses are on the east coast. Defendant and his counsel are also located in the Eastern District of Virginia. Plaintiff also resides on the east coast and, presumably, it would be more cost efficient for Plaintiff to proceed in one action on his claims instead of litigating and conducting discovery in two courts. Defendant also asserts that it has similar defenses to all claims that Defendant would like to raise in one proceeding. These considerations all weigh in favor of transfer. The court has not been presented with any evidence or argument that any of the other considerations weigh against transfer.

Therefore, the court finds that the entirety of this action should be transferred to the Eastern District of Virginia.

## IV.   Conclusion

Defendant's motion to dismiss fourteen counts for improper venue or, in the alternative, transfer is GRANTED. (Doc. 13.) The clerk is directed to TRANSFER this action to the Eastern District of Virginia.

IT IS SO ORDERED. Dated this 3rd day of August 2021.

                                                                                                                                _s/ John W. Broomes_
                                                                                                                                JOHN W. BROOMES
                                                                                                                                UNITED STATES DISTRICT JUDGE