IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STAN LABER, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:21cv502–HEH
)
UNITED STATES DEPARTMENT )
OF DEFENSE, )
)
        Defendant. )

## MEMORANDUM OPINION
(Granting Defendant's Motion to Dismiss)

This matter is before the Court on Defendant United States Department of Defense's ("Defendant") Motion to Dismiss (the "Motion"), filed on November 10, 2021.[1] (ECF No. 37.) On November 1, 2021, Plaintiff Stan Laber (*pro se* "Plaintiff") filed an Amended Complaint.[2] (ECF No. 33.) Plaintiff's Amended Complaint brings seventeen separate counts, each one alleging discrimination or retaliation in connection to seventeen separate job vacancies Plaintiff applied for. (Am. Compl. ¶¶ 127–195.) In its Motion to Dismiss, Defendant argues that the Amended Complaint should be dismissed

---

[1] Defendant filed a Motion to Dismiss (ECF No. 37) and, in the alternative, a Motion for Summary Judgment (ECF No. 38) with Roseboro Notice (ECF No. 40). Defendant filed one Memorandum in Support of both Motions; however, the Court will proceed only on the Motion to Dismiss.

[2] Plaintiff filed his initial Complaint on December 28, 2020 in the District of Kansas. The case was transferred to this Court on August 4, 2021. (ECF No. 23.) On October 13, 2021, Defendant filed a Motion to Dismiss and Motion for Summary Judgment in the alternative. (ECF Nos. 29, 30.) Plaintiff then filed the Amended Complaint and the Court denied Defendant's first Motion to Dismiss and Motion for Summary Judgment as moot on November 3, 2021. (ECF No. 36.)

pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff alleges no facts that could raise his conclusory claims beyond the level of speculation. Instead, the Amended Complaint merely asserts "general and conclusory terms" that Plaintiff's rejection "was based on sex, religion, age or reprisal." (Def.'s Mem. Supp. at 5, ECF No. 39.) Plaintiff filed his Response in Opposition on November 29, 2021 (ECF No. 41). The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). For the reasons that follow, the Court will grant Defendant's Motion to Dismiss and will dismiss Plaintiff's Amended Complaint with prejudice.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Thus, the

2

"[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 556). In considering such a motion, a plaintiff's well pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Additionally, it is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## II. DISCUSSION

Plaintiff is a Jewish male who was born in 1945. (Am. Compl. ¶ 9.) In 2015, he retired from his position as a "DAWIA (Defense Acquisition Workforce Improvement Act) Contract Specialist, IA-1102-04 with the National Geospatial Intelligence Agency, a

3

DoD (Department of Defense) Combat Support Agency (CSA) in Virginia." (*Id.*) However, between 2015 and 2016, Plaintiff submitted applications for seventeen different job announcements with the Defense Contract Management Agency ("DCMA"). (Def.'s Mem. Supp at 1.) The job vacancies spanned several states, including California, Texas, New York, Connecticut, and Massachusetts. (Am. Compl. ¶¶ 127–195.) Plaintiff alleges that the United States Department of Defense, specifically through the DCMA, rejected his applications for seventeen different jobs. (*Id.* ¶¶ 1–3.)

For each vacancy, Plaintiff alleges he was either not selected for the position, not referred for the position or an interview, or he was qualified and referred but not selected for an interview. (*Id.* ¶¶ 127–195.) Plaintiff asserts that he was equally, if not more, qualified than every other candidate and met all the requirements of the vacancies. (*Id.*) Thus, he contends that each reason for rejection was pretextual and that there was no legitimate nondiscriminatory reason for his denial. (*Id.*) Plaintiff also cites his activity with the Equal Employment Opportunity Commission (EEOC) as a reason he was rejected. (*Id.*) Plaintiff asserts that he has a "high volume of EEO[C] complaints and appeals [which are] well documented on the internet." (*Id.* ¶ 56.)

First, the Court will address Plaintiff's claims of discrimination. Defendant asserts Plaintiff has failed to allege plausible "discriminatory animus based on sex, religion, age, or in retaliation for engaging in protected activity." (Def.'s Mem. Supp. at 5.) The elements of a prima facie case of employment discrimination for failure to hire are "(1) that []he is a member of the protected class; (2) that the employer had an open position for which []he applied or sought to apply; (3) that []he was qualified for the position; and

4

(4) that []he was rejected under circumstances giving rise to an inference of unlawful discrimination." *McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 584 (4th Cir. 2015). A Plaintiff need not plead a prima facie case in order to survive a motion to dismiss but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff fails to allege facts to support that he was rejected under circumstances giving rise to any inference of unlawful discrimination, whether based on age, sex, or religion. While Plaintiff states that "[o]n knowledge and belief . . ." he was rejected "because of one or more of his known bases of age, sex, religion, and prior or, then instant, [EEOC] activity[,]" he did not provide any factual allegations sufficient to support those assertions or raise an inference of unlawful discrimination. A complaint must include more than just "labels or conclusions" or "naked assertions" to cross the threshold of a plausible entitlement to relief. *Twombly*, 550 U.S. at 557. Plaintiff has not identified who was actually selected for any of the positions or whether the individuals hired were outside of his protected class. (Am. Compl. ¶¶ 127–95.) Additionally, Plaintiff has not alleged why any named, or unnamed, "personnelists" involved in the hiring process would have discriminatory animus towards him, nor has he provided any examples of hiring officials exercising discriminatory animus towards him. (*Id.*)

In fact, Plaintiff admits in his Amended Complaint that he was not able to identify every selecting official or officials involved in the hiring process, nor was he able to identify applicants treated more favorably. (Am. Compl. ¶¶ 78–80.) Despite not being

5

able to identify the other applicants, Defendant claims he was the oldest applicant for every position. (*Id.* ¶ 77.) Bare conclusions like this, with no factual allegations in support, do not raise a claim for relief above the speculative level and, thus, would not meet the requirements outlined in *Twombly*. *See* 550 U.S. at 555. Thus, Plaintiff's claims of discrimination do not survive the Rule 12(b)(6) Motion.

Plaintiff not only claims that he was discriminated against based on his age, sex, and religion, but he also claims his rejection was based on retaliatory measures for his complaints and appeals with the Equal Employment Opportunity Commission. (Am. Compl. ¶¶ 62–73.) "Plaintiffs may prove these violations either through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*." *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 249 (4th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973)). The burden-shifting framework of *McDonnell Douglas* requires that plaintiffs first allege beyond the speculative level that: "(1) []he engaged in a protected activity; (2) the employer acted adversely against [him]; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Id.* at 327–28 (quoting *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008)). "Protected activities include making a charge, participating in a hearing under Title VII, and making informal complaints." *El v. Tek Sys., Inc.*, 311 F. Supp. 2d 516, 520 (E.D. Va. 2002).

Plaintiff's retaliation claim fails because the Amended Complaint lacks a sufficient allegation that there was a causal connection between Plaintiff's alleged EEOC activity and his rejection from the jobs. Plaintiff alleges that he was retaliated against

6

when hiring officials learned of the "high volume of EEO[C] complaints and appeals . . ." he had filed; however, he provides no supporting factual allegations to raise that conclusory statement beyond the speculative level. (Am. Compl. ¶ 56.) To be fair, Plaintiff asserts that selecting officials could see his EEOC activity if they searched online and, according to Plaintiff, "hiring officials for contract specialist vacancies are the most frequent users of internet searches regarding applicants." (*Id.* ¶ 59.) However, Plaintiff does not provide any facts indicating that the hiring officials for the seventeen job vacancies actually searched his EEOC activity or considered that activity when rejecting Plaintiff for the jobs. Thus, absent sufficient factual allegations, Plaintiff's claim for retaliation is not plausible on its face and fails to survive the Rule 12(b)(6) motion.

### III. CONCLUSION

The Court finds that Plaintiff has not pled facts sufficient to support any of his seventeen Counts. The Court further finds that any amendment would be futile based on the facts and circumstances of this case and will dismiss Plaintiff's Amended Complaint with prejudice. *See Elrod v. Busch Ent. Corp.*, 479 Fed. App'x 550, 551 (4th Cir. 2012) (allowing trial courts to deny leave to amend a complaint if complaint, as amended, would not withstand a motion to dismiss). Therefore, the Court will grant Defendant's Motion to Dismiss the Amended Complaint.

Should Plaintiff wish to appeal this Memorandum Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof.

Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 13, 2021
Richmond, VA

8